**UNITED STATES of America**

v.

**Peter L. KRUTSCHEWSKI.**

Crim. No. 80–135–S.

United States District Court,
D. Massachusetts.

March 8, 1982.

Walter Price, Asst. U. S. Atty., Dept. of Justice, Boston, Mass., for plaintiff.

Roger Craig, Detroit, Mich., for defendant.

ORDER ON MOTION UNDER RULE 35

SKINNER, District Judge.

The defendant seeks a reduction of his sentence, which the government opposes. This defendant presents a complex problem which I considered at very considerable length at the time of original sentencing and on his first Rule 35 motion. 509 F.Supp. 1186. I agree, as I have earlier stated, that the defendant is personally rehabilitated and leading a worthwhile life. The fact remains that he was a leading figure in a very extensive smuggling enterprise over a period of three or four years.

The probation officer for the Western District of Michigan informs that the original opportunity for alternative service remains open, but the situation in that regard has not changed from the time of my order rejecting that alternative.

I am further inclined to agree with Attorney Farber that the defendant was basically changed by his war experience. War is not the only searing experience that may tilt a person toward criminal activity. Many defendants coming before the courts bear the scars of crushing poverty, abandonment and brutality, some as much inflicted by the society as are the ravages of war. The purpose of the principle of general deterrence in punishment is to deter people whose circumstances might otherwise induce them to engage in crime; the people not so inclined are not the problem.

I have carefully considered the *amicus* brief of Vietnam Veterans of America, Inc. It may well be that special consideration should be given to war veterans who have made great sacrifices for their country. It seems to me that if greater "individualization" is to be given in such cases than I have already applied in the case of Mr. Krutschewski, it should be a matter of national policy, not randomly case by case.

This is perhaps one of the few instances where the national Parole Commission serves a useful purpose. It can decide on a national basis on a policy toward such veterans.

Accordingly, I allow so much of this motion as seeks to place the sentence under the provisions of 18 U.S.C. § 4205(b)(2), which permits the Parole Commission to consider parole at any time. *This order should not be taken as intimating any view of mine that the defendant should be paroled prior to the statutory one-third of his sentence; it is entered solely for the purpose of giving the Parole Commission the flexibility to carry out whatever they determine is appropriate national policy with respect to veterans who have served with distinction.* A copy of this order shall be forwarded to the Parole Commission.

Accordingly, the motion under Rule 35 is ALLOWED to the extent that the sentence previously given shall be pursuant to the provisions of 18 U.S.C. § 4205(b), and is otherwise DENIED. The judgment shall be amended to provide a maximum sentence of ten years, the defendant to be released on parole at such time as the Parole Commission may determine.